\*\*Original filed 9/28/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN W. SMYKLA, ) | No. C 03-0863 JF (PR) |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| SAN FRANCISCO SHERIFF'S ) DEPARTMENT, ) | |
| Defendant. ) | (Docket No. 29) |

Plaintiff, a detainee at the San Francisco County Jail proceeding pro se, filed the instant complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant San Francisco Sheriff's Department violated his Fourteenth Amendment rights by: (1) exposing him to the Hepatitis C Virus ("HCV"); (2) failing to provide disinfectant for barber scissors during haircuts; and (3) subjecting him to unsafe conditions of confinement by failing to protect him from violence by other prisoners; maintaining unsanitary toilet and shower areas; and encouraging the widespread prevalence of drugs throughout the jail.

Defendant filed a motion for summary judgment on the ground that there were no material facts in dispute as to Plaintiff's claim that he contracted HCV at the jail. On August 18, 2004, the Court notified Plaintiff of the requirements for his opposition to Defendant's summary

1  judgment motion pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 953-954 (9th Cir. 1998) and
2  granted Plaintiff thirty days in which to file an opposition to Defendant's motion.  Plaintiff
3  initially filed a motion for investigation and jury trial demand which was denied on March 29,
4  2005.  Thereafter, Plaintiff filed an opposition to the motion for summary judgment and
5  Defendant filed a reply.  Plaintiff then filed a request for investigation, jury trial and reply to
6  Defendant's reply ("Request and Reply") (docket no. 23).  Based upon the record and the
7  briefing, the Court granted Defendant's motion for summary judgment in part as to Plaintiff's
8  claim that he contracted HCV in the jail, denied Plaintiff's request for investigation, and set a
9  further briefing schedule on Plaintiff's additional claims.  Accordingly, this order does not
10 address Plaintiff's first claim.

11       On February 15, 2006, Defendant filed a renewed motion for summary judgment
12 addressing Plaintiff's remaining claims.  Plaintiff did not file additional opposition.  Based upon
13 the record and all submitted papers, the Court concludes that Defendant is entitled to judgment
14 as a matter of law on all remaining claims in the complaint.  The Court therefore will GRANT
15 Defendant's motion for summary judgment (docket no. 29).

## BACKGROUND

17       Plaintiff was a pretrial detainee incarcerated in the San Francisco County Jail at the time
18 he filed the instant complaint.  Plaintiff claimed that prison officials do not provide an alternative
19 means to having a haircut without adequate sterilization of scissors being used by prisoner
20 barbers. Plaintiff alleges that the current lack of sterilization subjects him to a risk of infection
21 of HIV and other viruses.  <u>See</u> Complaint at 1-2.  Plaintiff alleges that the use of disinfectant
22 "has been lax, at best, or non-existent" during most of these haircuts.  <u>See</u> Supplement to
23 Complaint at 1.  Plaintiff further asserts that he is forced to get a haircut in this manner, because
24 "[n]o other option is presented by the Sheriff's Department."  <u>Id</u>.  Plaintiff claims that on January
25 2, 2003, a trustee came to the dorm and advised inmates how disinfectant was used and oversaw
26 its use by them, but that this was the only time he saw disinfectant used by inmate barbers.
27 Plaintiff further asserts that no disinfectant was used with the hair clippers in administrative
28 segregation during the time he was incarcerated there.

1  Plaintiff also generally complains about his detention at the jail pending trial in a facility
2  with dangerous and unruly individuals, many of whom have been convicted of crimes. Plaintiff
3  asserts that he is subjected to unsafe conditions in the jail, and that he has been harmed by other
4  prisoners with whom he is housed. Specifically, Plaintiff claims he has been "abused, threatened
5  and attacked" by the other prisoners "without much being done to discourage them by the
6  Sheriff's Dep't." See Complaint at 5-6.

7  Plaintiff also contends that the prison conditions are filthy and unhygienic because there
8  are urine and feces on the floor in the toilet and shower area. Id. at 5-6. Additionally, Plaintiff
9  asserts the "widespread prevalence of drugs throughout this jail" is encouraged by the San
10 Francisco Sheriff Department classification offices. Id. at 8. Plaintiff maintains that these are
11 the result of the "policies and practices" of the San Francisco Sheriff Department. Id. at 3.
12 Plaintiff seeks punitive and compensatory damages and injunctive relief.

## DISCUSSION

**A.      Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. If he meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he bears the burden of proof at trial. Id. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's

1  properly supported motion for summary judgment simply by alleging some factual dispute
2  between the parties.  To preclude the entry of summary judgment, the non-moving party must
3  bring forth material facts,  i.e., "facts that might affect the outcome of the suit under the
4  governing law  . . .   Factual disputes that are irrelevant or unnecessary will not be counted."
5  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The opposing party "must do
6  more than simply show that there is some metaphysical doubt as to the material facts."
7  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 588 (1986).

8        The court must draw all reasonable inferences in favor of the non-moving party,
9  including questions of credibility and of the weight to be accorded particular evidence.  Masson
10 v. New Yorker Magazine, Inc., 111 S. Ct. 2419, 2434-35 (1991) (citing Anderson, 477 U.S. at
11 255); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 588 (1986); T.W. Elec. Service
12 v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987).  It is the court's responsibility "to
13 determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed
14 background or contextual facts, are such that a rational or reasonable jury might return a verdict
15 in its favor based on that evidence."  T.W. Elec. Service, 809 F.2d at 631.  "[S]ummary judgment
16 will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a
17 reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.
18 However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for
19 the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587.

20       A district court is not required (or allowed) to assume that challenged factual allegations
21 in a plaintiff's complaint are true, irrespective of any evidentiary support, if a defendant makes a
22 properly supported motion for summary judgment based on official immunity that would, in any
23 other civil case, require plaintiff to produce evidence in opposition.  Butler v. San Diego District
24 Attorney's Office, 370 F.3d 956, 964 (9th Cir. 2004).  Moreover, it is not the task of the district
25 court to scour the record in search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d
26 1275, 1279 (9th Cir. 1996) (citations omitted).  The nonmoving party has the burden of
27 identifying with reasonable particularity the evidence that precludes summary judgment.  Id.  If
28 the nonmoving party fails to do so, the district court may properly grant summary judgment in

Order Granting Defendant's Motion for Summary Judgment
P:\pro-se\sj.jf\cr.03\Smykla863msj2                 4

favor of the moving party.  See id.; see, e.g., Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001) (even if there is evidence in the court file which creates a genuine issue of material fact, a district court may grant summary judgment if the opposing papers do not include or conveniently refer to that evidence).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence.  See Schroeder v. McDonald, 55 F.3d 454, 460 & fn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge); see also Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as opposing affidavit).

**B.    Plaintiff Has Failed to Provide Evidence of any Official Policy or Custom to Establish the Liability of Defendant**

Defendant contends that Plaintiff's claims fail on the merits because Plaintiff fails to provide any evidence that Defendant has an unconstitutional policy or procedure and, in the alternative, that Plaintiff's claims are barred by his failure to exhaust administrative remedies.  In support of the motion, Defendant submitted a declaration of Chief Deputy Tom Arata detailing the jail's policies with respect to hair clipper hygiene; prisoner-on-prisoner violence; sanitary conditions in the shower and toilet area; and the sale, use, or possession of drugs in the Jail.  See Decl. Of Tom Arata in Support of Motion for Summary Judgment (docket no. 30).  Because Plaintiff did not file any opposition to the motion, his verified complaint will be treated as an opposing affidavit.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978);[1] however, a city or county may not be held vicariously liable for the

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights.  See Monell, 436 U.S. at 690.  They are absolutely immune from liability for punitive damages under § 1983, however.  See

1    unconstitutional acts of its employees under the theory of respondeat superior, see Board of
2    County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of
3    Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a
4    violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a
5    constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)
6    that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)
7    that the policy is the moving force behind the constitutional violation. See Plumeau v. School
8    Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

9       Pretrial detainees are protected from punishment without due process under the Due
10   Process Clause of the Fourteenth Amendment. See United States v. Salerno, 481 U.S. 739, 746-
11   47 (1987); Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). The protections of the Due Process
12   Clause are at least as great as those of the Eighth Amendment. See Revere v. Massachusetts
13   General Hosp., 463 U.S. 239, 244 (1983); Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir.
14   1987). Pursuant to these principles, a Fourteenth Amendment violation asserted by a pretrial
15   detainee is analyzed in the same way as an Eighth Amendment violation.

16       Accordingly, when determining whether a deprivation of a basic necessity is sufficiently
17   serious to satisfy the objective component of an Eighth Amendment claim, a court must consider
18   the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter
19   the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).
20   Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example,
21   are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See
22   id. at 732-733; see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations
23   of serious health hazards in disciplinary segregation yard for a period of nine months, including
24   toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects,
25   and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees,
26   enough to state a claim of unconstitutional prison conditions); Anderson v. County of Kern, 45

---

City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916 (1995).  Still, the Eighth Amendment guarantees an inmate's right to personal hygiene.  See Toussaint v. McCarthy, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984).  This includes providing indigent inmates with the right to personal hygiene supplies such as toothbrushes and soap.  See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998).

Here, there is a question of whether Plaintiff has alleged a cognizable constitutional right that has been deprived in his verified complaint.  A seemingly isolated occurrence of urine and feces in the toilet and shower area objectively does not rise to the level of a substantial deprivation. Without more detail, Plaintiff has not established, nor has he ever alleged, that such occurrences were severe or prolonged.  However, Plaintiff's allegations of the lax use or non-existence use of disinfectant during haircuts may implicate his Eighth Amendment right to adequate personal hygiene.

Nonetheless, Plaintiff fails to present evidence of a policy of the Defendant that amounted to the deliberate indifference to his constitutional rights.  Liability based on a municipal policy may be satisfied one of three ways: (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,[2][3] (2) by establishing that the individual who committed the constitutional tort

---

[2] A "policy" giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality.  The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.  See Brown, 520 U.S. at 404.

[3] Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom.  See McDade v. West, 223 F. 3d 1135, 1141 (9th Cir. 2000); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989).  "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom."  Trevino, 99 F.3d at 920.  "Only if a plaintiff shows that his injury

was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.  See Fuller, 47 F.3d at 1534; Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992), cert. denied, 510 U.S. 932 (1993).

Here, Plaintiff has made general allegations that the "policies and procedures of the San Francisco Sheriff's Dept." lead to the dangerous and unsanitary conditions imposed upon him. Plaintiff also stated that he wanted "these policies and practices stopped. They're unethical, immoral, and illegal." See Complaint at 6.  Plaintiff has *not* alleged that the dangerous and unsanitary conditions resulted from Defendant's policy as a moving force behind such acts.  Nor has Plaintiff alleged that an individual with official policy-making authority committed the constitutional tort or that an official with final policy making authority ratified the act of a subordinate or delegated the act to a subordinate.  In order for Plaintiff to show liability of a municipality, he would have to present evidence that a city or county employee committed the alleged constitutional violation pursuant to a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity.

Instead, Plaintiff stated in his complaint that a jail trustee advised the inmates on the use of disinfectant and oversaw its use.  Plaintiff acknowledged that the last six months he had seen antiseptic in use, a fact that does not support a claim alleging a "permanent and well-settled" practice.  In fact, Plaintiff's statement comports with the declaration of Tom Arata and Exhibit C showing that Defendant's policy provides deputies will advise prisoners to disinfect and clean the clippers after each use.

The Court concludes that Plaintiff has not shown any triable issue of fact as to whether Defendant has a policy or practice in place that deprived Plaintiff of any constitutional right. Furthermore, Plaintiff has failed to demonstrate how his alleged injuries were the result of the

---

resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom."  Thompson, 885 F.2d at 1444.

Defendant's policy or the workings of an official with policy-making authority. Accordingly, Defendant's motion for summary judgment as to all remaining claims is GRANTED.[4]

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to set forth a cognizable constitutional violation under 42 U.S.C. § 1983. Accordingly, Defendant's motion for summary judgment (docket no. 29) is GRANTED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  9/26/06                    /s/jeremy fogel
                                   JEREMY FOGEL
                                   United States District Judge

---

[4] Based upon the Court's conclusion that Plaintiff fails to establish any liability on the part of Defendant, the Court need not address Defendant's first argument that Plaintiff's claims are barred by his failure to exhaust administrative remedies.

1  A copy of this ruling was mailed to the following:

2

3  Martin W. Smykla
   1983953
   NA-206184-4 (Q7.8)
4  2100 Napa Vallejo Hwy
   Napa, CA  94558-6292
5

6  Kathleen Suzanne Morris
   Office of the City Attorney
7  1390 Market Street, Sixth Floor
   San Francisco, CA  94102-5408
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28